UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80038-CIV-MARRA

PAUL GAUGUIN CRUISES, INC.,
a/k/a PGC, Inc., a Delaware Corporation,

                Plaintiff,

vs.

eCONTACT, INC., a Florida Corporation,
and STEVE HABER,

                Defendants.

_____/

**DEFENDANTS' RESPONSE AND OPPOSITION TO PLAINTIFF'S RULE 60(a) AND
60(b) MOTION FOR RELIEF FROM FINAL JUDGMENT
AND ASSOCIATED ORDERS**

Defendants eContact, Inc. ("eContact") and Steve Haber respectfully request this Court to

deny Plaintiff's motion for relief from final judgment and associated orders[1] as it is untimely,

unsupported in fact or law, and fails to meet the burdens of Fed. R. Civ. P. Rule 60 ("Rule 60").

Plaintiff bears a significant burden under a Rule 60 motion to show that "extraordinary

circumstances" exist in order to disturb the finality of an order or judgment.  That burden is

multiplied here where Plaintiff apparently seeks to open a closed case, vacate stipulated

agreements of dismissal, and undo a number of Orders issued by this Court, after pursuing an

unsuccessful appeal.  The sole purpose for undoing all of these Orders and judgments rests in

Plaintiff's dissatisfaction with its chosen litigation path.  During summary judgment arguments,

Plaintiff's counsel admitted that the reason for bringing the fraud-in-the-inducement claim

against Mr. Haber was financial; strategically, the claim was merely a "backup" in case

---

[1] Plaintiff's filing is entitled "motion" in the singular, but it also requests entry of a Rule 54(b)
certification which constitutes a second motion.

1

Defendant eContact was judgment-proof. Once the fraud-in-the-inducement claim was dismissed on summary judgment, Plaintiff was determined to keep the fraud claim – what it saw as the only viable deep pocket in the case – alive. Plaintiff intentionally chose a litigation strategy of appeal without seeking from this Court a Rule 54 certification or disposing of its other claims with finality prior to filing its appeal. Having found this strategy unsuccessful, Plaintiff now seeks to travel back in time and make different choices. In support of this sweeping motion, Plaintiff presents not one legal authority supporting any of its requests, no evidence showing error or fraud in the Court's Orders or judgments, and no evidence evincing any error or fraud in the parties' stipulations. Plaintiff fails to even properly identity the bases for the motion or the remedy it seeks from this Court. Instead, Plaintiff blames everyone but itself – including this Court, the lack of guidance by the Federal Rules of Civil Procedure, the failure of the Eleventh Circuit to make clear its body of law on finality, and opposing counsel – for the failure of its own legal strategy. That is not how our legal system works.

Plaintiff petitions this Court with little more than a bald plea, bereft of substance, resting solely on hindsight. To extricate itself, Plaintiff is seeking to invoke the extraordinary remedy provided under Rule 60. However, as demonstrated below, Plaintiff's motion is untimely, procedurally defective and unsupported by fact or authority. Plaintiff has had multiple days in court on its ill-conceived fraudulent inducement claim. This Court dismissed the claim on summary judgment, denied Plaintiff's motion for reconsideration and closed the case. The Appellate Court *sua sponte* dismissed Plaintiffs' appeal and denied Plaintiff's motion for reconsideration. The time has come for Plaintiff to recognize that this litigation is over. For all these reasons, we ask this Court to deny Plaintiff's motion in its entirety.

## STATEMENT OF FACTS INCLUDING COURSE OF PROCEEDINGS AND DISPOSITION IN THE APPELLATE COURT

Plaintiff filed suit against Defendant eContact alleging breach of contract (Count I) and unjust enrichment (Count III), and against Defendant Haber individually alleging fraudulent inducement (Count II) and unjust enrichment (Count III).  [DE 1].

All parties moved for summary judgment and on February 4, 2011 the Court heard oral argument on these motions.  During argument counsel for Plaintiff acknowledged it would not have any damages in excess of the contractual damages of $200,000.00 and that Plaintiff was seeking the fraud claim against Defendant Haber individually simply to protect any potential recovery.

> The Court:  But what damages are you going to have in excess of $200,000[.00]?
>
> [Plaintiff Counsel]:  Well, frankly, I would have a judgment against Mr. Haber.  You know, we have a judgment – if Your honor does grant summary judgment in our favor on breach of contract, we have – we can try to chase eContact, but you know, where are we going to go with that?  They can fold up.  If we have a judgment against Mr. Haber, then we're more likely to collect, in my opinion.

[DE 81, pp 47-48].  By Order signed and entered March 1, 2011, this Court denied Plaintiff's motion for summary judgment.  In the same Order, it granted summary judgment in favor of Defendant Haber on Count II (fraud in the inducement).  [DE 44].  Note 2 of the opinion stated that "[a]t oral argument, Plaintiff's counsel stated that Plaintiff was no longer pursuing its unjust enrichment claim.  For that reason, the Court will not address the arguments with respect to that claim."  [DE 44].  The March 1, 2011 Order did not address the disposition of the unjust enrichment claims (Count III) against Defendants Haber and eContact and Plaintiff did not seek a dismissal of the claim at that time or any time prior to the filing of its appeal.

On March 4, 2011, Plaintiff filed a motion for reconsideration of the Court's grant of summary judgment on the fraudulent inducement claim.  [DE 45].  By Order dated March 21, 2011, this Court denied Plaintiff's motion for reconsideration.  [DE 68].

During Court proceedings on April 1, 2011, Plaintiff and Defendants filed a joint stipulation of dismissal without prejudice of Count I (breach of contract) against eContact.  [DE 73].  After hearing from counsel, the Court signed an Order of voluntary dismissal without prejudice of Count I pursuant to Fed.R.Civ.P. 41(a)(1).  [DE 74].  Nowhere in the stipulation of dismissal is the effect of the dismissal conditioned on the review of an appeal.  Nor is there any evidence that the parties intended or communicated to the Court that they intended the dismissal to be conditional.  It is undisputed that the claims against Defendants Haber and eContact for unjust enrichment were not included in the dismissal.

During the same proceedings, on April 1, 2011 this Court also signed a separate Order entitled "Final Judgment on Count II" (fraud in the inducement), in favor of Defendant Haber and ordered the case "closed" and that "all pending motions are denied as moot."  [DE 75, entered on March 4, 2011].  It is undisputed that this Order of "final judgment on Count II" did not contain a Rule 54(b) certification and that Plaintiff never requested such certification.

On April 13, 2011, Plaintiff filed a Notice of Appeal on this Court's grant of summary judgment for Defendant Haber on Count II (the fraudulent inducement claim), the denial of reconsideration, and the entry of Final Judgment on Count II.  [DE 76, entered April 14, 2011].

On June 1, 2011, the Appellate Court requested that Plaintiff address two jurisdictional questions: a) whether Count III, unjust enrichment, had been dismissed against both Plaintiffs; and b) even if all claims were dismissed, whether the Appellate Court had jurisdiction to entertain the appeal due to the voluntary dismissal.

On June 13, 2011, the parties entered into a voluntary Dismissal of Counts I and III ( breach of contract and unjust enrichment) with prejudice.  [DE 82]  Nowhere in the stipulation of dismissal is the effect of the dismissal conditioned on the review of the appeal.  Nor is there any evidence that the parties intended or communicated to any court that they intended the dismissal to be conditional.

On June 14, 2011, Plaintiff filed its response to the Court's Jurisdictional Questions.  As to the first question, it admitted that there

> has been no final judgment formally disposing of this [unjust enrichment] claim.  Plaintiff did, however, relate in open court that it was no longer pursuing its unjust enrichment claim, and the trial court acknowledged this in its order on summary judgment . . . . While this order *arguably* granted a summary judgment in favor of Defendants on this claim, still there was no entry of final judgment for purposes of appeal.

(Pl. Br. Exh B, June 14, 2011 response to Jurisdictional Questions, pp. 3-4) (emphasis in the original; internal citations omitted).  In response to the second jurisdictional question, Plaintiff offered a copy of the dismissal with prejudice of Count I (breach of contract) brought against Defendant eContact, and Count III (unjust enrichment) brought against both Defendants Haber and eContact, signed by the parties on June 13, 2011.  [DE 82].

By Order dated January 24, 2012, the Appeals Court dismissed Plaintiff's appeal *sua sponte* for lack of jurisdiction.  Plaintiff filed a motion for reconsideration which the Appeals Court denied on March 26, 2012.  (Pl. Br. Exh D).

Prior to the instant motion, Plaintiff never sought a Fed.R.Civ.P. 54(b) certification of finality for any Order including the March 1, 2011 Order granting summary judgment to Defendant Haber, the March 21, 2011 Order denying Plaintiff's motion for reconsideration, or the April 1, 2011 Order dismissing Count II (alleging fraudulent inducement) against Defendant Haber.

**ARGUMENT**

**A.    PLAINTIFF'S REQUEST FOR RELIEF UNDER RULE 60 (A), (B)(1) AND (B)(6) SHOULD BE DENIED**

Relief under Rule 60 is limited and requires a substantial showing on the part of the movant to overturn the finality of a decision.  Plaintiff has failed to meet this burden.

1.    Plaintiff Points To No Clerical Mistake Under Rule 60(a)

Rule 60(a) extends a specific and very limited type of relief providing that a court may correct clerical mistakes in "judgments, orders or other parts of the record and errors therein arising from oversight or omission . . . at any time."  Fed. R. Civ. P. 60(a).  "Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced."  Smith v. Reliance Std. Life Ins. Co., 2004 U.S. Dist. LEXIS 26261 (S.D. Fla. Nov. 9, 2004) (quoting 11 C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE, § 2854 (1995) (court denied Rule 60(a) motion to change prejudgment interest amount in joint stipulation as the nature of the request was "more substantial" in nature than a clerical error).  "While such mistakes are not necessarily made by the clerk, they are often errors made in transcribing or recording the judgment.  In contrast, errors that affect substantial rights of the parties are outside the scope of Rule 60(a)."  United States v. Patterson, 292 Fed. Appx. 835, 837 (11th Cir. 2008) (quoting Warner v. City of Bay St. Louis, 526 F.2d 1211, 1212 (5th Cir. 1976) (construing prior, but similar, version of Rule 60(a)) (citation omitted); see Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (holding decisions by former Fifth Circuit issued before October 1, 1981, are binding precedent) (internal citations omitted)).

The relief afforded by Rule 60(a) does not include substantive changes; instead the rule intends clerical changes only to the record, such as changing the name of a party in a final

judgment.  See Dubon v. Delmas Meat & Fish, 2011 U.S. Dist. LEXIS 44180 (S.D. Fla. Apr. 25, 2011) (determining that, under the facts presented, the requested name change did not introduce a new party, which would be a substantive change not allowable under Rule 60(a)).

> Rule 60(a) finds application where the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another. Such a mistake must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.
> .   .   .
> In sum, the relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule.  As long as the intentions of the parties are clearly defined and all the court need do is employ the judicial eraser to obliterate a mechanical or mathematical mistake, the modification will be allowed.  If, on the other hand, cerebration or research into the law or planetary excursions into facts is required, Rule 60(a) will not be available to salvage the government's blunders.  Let it be clearly understood that Rule 60(a) is not a perpetual right to apply different legal rules or different factual analyses to a case.  *It is only mindless and mechanistic mistakes, minor shifting of facts, and no new additional legal perambulations which are reachable through Rule 60(a).*

United States v. Kellogg (In re West Tex. Mktg. Corp.), 12 F.3d 497, 504-05 (5th Cir. 1994) (emphasis added) (quoting Dura-Wood Treating Co., Div. of Roy O. Martin Lumber Co. v. Century Forest Ind., Inc., 694 F.2d 112, 114 (5th Cir. 1982)) (internal citations and quotations omitted in original).  This limitation supports the policy of finality.  See Warner v. Bay St. Louis, 526 F.2d 1211, 1212 (5th Cir. 1976) (citing Moore, Federal Practice, Vol. 6(a), P60.04[1], p. 4043, (1973)).

Plaintiff's motion for relief under Rule 60(a) seems to point to two "mistakes" that need to be corrected.  The "first mistake" was made seemingly by this Court: "if the orders did not dispose of the unjust enrichment claim, it was nothing more than a mere oversight, or clerical error."  (Pl. Br. At 8).  However, beyond this conclusory statement, Plaintiff does not state with specificity what error was to be corrected.  It cannot be said that Plaintiff requested an action by the Court that it did not take.  Nor can Plaintiff point to an action the Court stated it would take,

but did not.  Plaintiff fails completely to provide any evidence beyond conclusory assumptions that any alleged error was even made.

For the alleged "second mistake" Plaintiff appears to claim it failed to understand the substantive law on jurisdiction, the need for finality in order to appeal, and the mechanism to accomplish the desired appeal.  Plaintiff conclusorily makes the unsupported assertion that the stipulations to dismiss were "condition[al] upon the appellate court substantively addressing the fraud claim."  (Pl. Br. at 8).  Plaintiff's claim as to the intent of the parties in entering into the stipulations is not only irrelevant, it is unsubstantiated.  Plaintiff offers no evidence in support of its assertion and the plain language of the stipulations does not contain any such conditions.

As to the relief requested under 60(a), Plaintiff is equally vague and broadly requests this Court to "reopen the case for [the] purpose of entering *appropriate* orders establishing Final Judgment as to all parties and all claims, as well as enter an *appropriate* order under FRCP 54(b)."  (Pl. Br. at 8) (emphasis added).  Nowhere in its brief does Plaintiff identify the "appropriate orders" to be entered.  Apparently, Plaintiff expects Rule 60(a) to bear the weight of undoing a multitude of Orders and stipulations and the entry of at least two additional orders.  On its face, the request alone plainly constitutes a remedy that is far more than merely clerical.  Yet, incredibly, Plaintiff not only fails to identify with specificity what alleged errors need correcting or what relief should be undertaken, it fails to identify any case law in support of such sweeping measures.

Plaintiff's vague assertions and apparent request for relief goes far beyond the correction of a party's name, *supra*, contemplated by the "clerical error" of Rule 60(a).  As every request seemingly made by Plaintiff is substantive and more than merely a clerical error or mistake, Plaintiff is barred from relief under Rule 60(a).

2.      Plaintiff's Motion Under Rule 60 (b) Should Be Denied

Under Rule 60(b) "the court may relieve a party or a party's legal representation from final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; … or (6) any other reason justifying relief from the operation of the judgment.  Fed. R. Civ. P. 60.  While "Rule 60(b) is to be given a liberal and remedial construction[, i]t is equally true, however, that 'the well-recognized rule … precludes the use of a Rule 60(b) motion as a substitute for a proper and timely appeal." Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993) (quoting Nisson v. Lundy, 975 F.2d 802, 807 (11th Cir.1992) and Burnside v. Eastern Airlines, Inc., 519 F.2d 1127, 1128 (5th Cir. 1975)) (internal citations omitted).  Moreover, while the Rule "should be broadly construed to do substantial justice, [] final judgments should not be lightly reopened." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. N.Y. 1986) (quoting Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401 (5th Cir. 1981), Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984)) (internal citations omitted). The movant has a large burden under Rule 60(b); because it "allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstance." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (cited with approval by Citibank, N.A. v. Data Lease Financial Corp., 904 F.2d 1498, 1504 (11th Cir. 1990)).

a.      *Plaintiff's Motion Under 60(b)(1) Is Untimely and Alleges Substantive Rather Than "Clerical" Errors*

A Rule 60(b)(1) motion must be filed "no more than a year after the entry of the judgment or order *or the date of the proceeding*."  Fed. R. Civ. P. 60(c)(1).  This limitations period by it plain terms is "absolute." Warren v. Garvin, 219 F.3d 111, 114 (2d Cir. 2000) (citing 12 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 60.65[2][a], at 60-200 (3d ed. 1997)).  For a motion for reconsideration, the one-year time period for a Rule 60(b) motion will

begin to run from the date upon which the motion for reconsideration was denied.  See National Passenger R. Corp. v. Maylie, 910 F.2d 1181, 1184 (3d Cir. 1990).

Plaintiff filed the instant motion on April 2, 2012.  To the extent that Plaintiff is seeking relief from any Orders or judgments that were entered prior to that date or prior to the proceeding, by the rule's terms, the motion is untimely.  This would include relief from or modification of: Order signed and entered March 1, 2011, denying Plaintiff's motion for summary judgment and granting summary judgment in favor of Defendant Haber on Count II (fraud in the inducement) [DE 44]; Order signed March 21, 2011 and entered March 22, 2011, denying Plaintiff's motion for reconsideration [DE 68]; the April 1, 2011 joint stipulation of dismissal without prejudice of Count I (breach of contract) against eContact signed during proceedings held with counsel and entered April 1, 2011 [DE 73]; Order of dismissal as to Count I of the Complaint signed during proceedings held with counsel April 1, 2011 and entered April 4, 2011 [DE 74]; and Order of "final judgment" on Count II in favor of Steve Haber signed during proceedings held with counsel on April 1, 2011 and entered on April 4, 2011 [DE 75].

Pursuant to Rule 60(b)(1), relief from the effect of a final judgment or order upon motion is allowed for "mistake, inadvertence, surprise, or excusable neglect."  Plaintiff bears the burden of specifying which Rule 60(b)(1) factor is applicable and applying Rule 60(b)(1) to the facts of this case.  See, e.g., E-Z Load Gate, Inc. v. Am. Moto Prods., 2009 U.S. Dist. LEXIS 92887, *10 (M.D. Fla. Oct. 5, 2009) (dismissing Rule 60(b)(1) claim based upon alleged attorney misunderstanding of law, discussed in further detail below).  Plaintiff appears to be making two separate claims under 60(b)(1) – judicial mistake and excusable neglect – as the bases for its request.  (Pl. Br. at 9-11).  However, as with the argument Plaintiff presented under 60(a), the

argument here is not made with specificity or clarity.  Moreover, the relief Plaintiff seeks under this provision is equally ambiguous and lacking in the discussion.

Alleged Judicial Mistake

As to the alleged judicial mistake, Plaintiff states briefly that it "announced to this Court its abandonment of its unjust enrichment claims, but same was never reduced to Judgment prior to appeal." (Pl. Br. at 9).  Plaintiff fails to produce any evidence that it actually sought dismissal of the claim on which this Court failed to act or that the Court intended to make such a ruling and failed to act.  Instead, the record shows that the Court made clear to Plaintiff in its March 1, 2011 Order that it would not address Plaintiff's unjust enrichment claims.  "At oral argument, Plaintiff's counsel stated the Plaintiff was no longer pursuing its unjust enrichment claim.  For that reason, the Court will not address the arguments with respect to that claim." [DE 44 at p. 6 fn 2].  Plaintiff presents no evidence that at any time the Court communicated that it intended to adjudicate the unjust enrichment claims.  The burden was on the Plaintiff to act and at anytime it could have acted, without Court involvement, to dismiss its claims under Fed.R.Civ.P. 41 or seek adjudication by the Court.  Moreover, as stated above, to the extent it is the Court's March 1, 2011 Order on the parties' summary judgment motions that Plaintiff seeks to modify or the Court's March 21, 2011 Order denying Plaintiff motion for reconsideration of the former [DE 68], it is beyond the one-year limitation mandated by Rule 60(b)(1).  To the extent it is some other mistake or some other relief or modification Plaintiff seeks, it has not provided any argument or citation to authority for such action.

Unsupported Excusable Neglect

In the alternative, Plaintiff reargues its appellate brief in an attempt to show that its failure to obtain a "final judgment" was "excusable neglect."  (Pl. Br. at pp 9-11).  Plaintiff

spends much time rehashing its appellate argument claiming the Federal Rules of Procedure "afforded no guidance on how to proceed" and Plaintiff's "neglect" was "in not realizing the their [sic] later dismissal with prejudice would not provide jurisdiction." (Pl. Br. at 10). While it is most likely that the Eleventh Circuit would disagree with Plaintiff's assessment that there was insufficient guidance on how Plaintiff should proceed, Plaintiff's ignorance of the law does not relieve it from the litigation decisions it made. (Pl. Br. at 9-11). See, e.g., Cavaliere, 996 F.2d at 1115 (11th Cir. 1993) ("We decline to find that the district court abused its discretion [in denying a Rule 60(b) motion, particularly in light of the fact that ample case law existed to alert counsel to the shortcomings [of its] arguments."); Smith v. Reliance Std. Life Ins. Co., 2004 U.S. Dist. LEXIS 26261, * 4-5 (S.D. Fla. Nov. 9, 2004) ("an attorney's failure to evaluate carefully the legal consequence of a chosen course of action provides no basis for [60(b)] relief from a judgment") (quoting Citibank, 904 F.2d at 1505 (11th Cir. 1990)).

As explained by the U.S. Supreme Court, failure to understand the body of law constituting "finality" is not excusable neglect under Rule 60(b)(1).

> In the alternative, the Plaintiff may contend that in drafting the settlement agreement, the Plaintiff's attorney misunderstood the law. Yet, "**inadvertence, ignorance of the [law], or mistakes construing the [law] do not usually constitute excusable neglect**." [Pioneer Inv. Servs. Co. v Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, n3, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)]... Accordingly, **an argument that Plaintiff's attorney misunderstood the law must fail**. Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993) (holding that error based on a misunderstanding of the law is an insufficient basis for establishing excusable neglect).

> E-Z Load Gate, Inc., 2009 U.S. Dist. LEXIS 92887, * 10-11 (M.D. Fla. Oct. 5, 2009)

(emphasis added). See also Advanced Estimating System, Inc. (AES) v. Riney, 130 F.3d 996, 998 (11th Cir. 1997) ("Rule 60(b)(1) authorizes a court to relieve a party from a final judgment or order upon a showing of 'mistake, inadvertence, surprise, or excusable neglect.' But an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect

such that a party is relieved of the consequences of failing to comply with a statutory deadline."); Consult Am., Inc. v. Rankin, 2012 U.S. App. LEXIS 5633 (11th Cir. Mar. 19, 2012) (upholding district court's finding of no excusable neglect; appellants' misinterpretation of clear legal procedure was not excusable because it was a mistake of law). Even if Plaintiff was mistaken about the law, under Rule 60(b) "attorney negligence or oversight is rarely grounds for relief." Smith, 2004 U.S. Dist. LEXIS 26261 * 5 (S.D. Fla. Nov. 9, 2004) (quoting U.S. v. Real Prop. & Residence, 920 F.2d 788, 792 (11th Cir. 1991)) (citations omitted); see also Consult Am., Inc., 2012 U.S. App. LEXIS 5633 (11th Cir. Mar. 19, 2012) (upholding district court's dismissal of Rule 60(b)(1) motion noting that movant had not taken action it was seeking to now take – amending complaint – when it was on notice of deficiency prior to case being closed). In addition to the requirements of excusable neglect, the movant must also "demonstrate that the underlying action probably would have been meritorious." Consult Am., Inc. v. Rankin, 2012 U.S. App. LEXIS 5633, *4 (11th Cir. Mar. 19, 2012) (citing Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Systems, Inc., 803 F.2d 1130, 1133 (11th Cir. 1986)).

In this instant motion, Plaintiff is seemingly seeking relief from this Court to undo – not just one Order or judgment, but apparently multiple Orders and judgments – presumably, in order to gain a Rule 54(b) certification, although Plaintiff does not state so in its request for relief. However, Plaintiff fails to provide any authority for such a request and not a single piece of evidence in support of the motion. Plaintiff's legal strategy failed because of intentional decisions, not excusable neglect, and it cannot now use this Rule to undo its misstep and allege ignorance. Pioneer Inv. Servs. Co. v Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 394-95 (1993). See also Valpak Direct Mktg. Sys. v. Hyde, 2006 U.S. Dist. LEXIS 47345 (M.D. Fla. July 13, 2006) (denying request to vacate stipulated agreement; "Rule 60(b)(1) was not intended

to relieve a litigant from the consequences of . . . a conscious decision, however unwise the decision may appear in retrospect.") (citing Parrilla-Lopez v. United States, 841 F.2d 16, 20 (1st Cir. 1988)).  A precedent that a case can be reopened simply because a party's counsel regrets a strategic decision would wreak havoc on our courts.  Strategic decisions are made in every case, every day.  Just because a party wishes in hindsight that it had pursued a different course does not allow that party to drag other parties back into litigation after a case is closed and appellate rights have been exhausted.

Moreover, it is not enough for Plaintiff to show that the Defendants "would not suffer unfair prejudice if the judgment were vacated[; i]nstead it must make an affirmative showing of a defense that is likely to be successful."  Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Systems, Inc., 803 F.2d 1130, 1133 (11th Cir. 1986) (internal citations omitted).  The ruling the Plaintiff appears to want to appeal, the granting of summary judgment to Defendant Haber on the fraudulent inducement claim, has already been reconsidered by this Court once and denied.  [DE 44].  Plaintiff has presented no new grounds to show it would be meritorious on its appeal.  In fact, Plaintiff's brief is completely bereft of any of the evidence needed to meet its burden under Rule 60(b)(1).

Joint Stipulations

Incredibly, in the alternative, Plaintiff appears to seek under Rule 60(b)(1) to set aside the parties' prior stipulations of dismissal.  Plaintiff identifies the stipulation at DE 73, (Pl. Br at 9), and the stipulation at DE 82, (Pl. Br. at 1), in its motion but does not state what the Court is to do with these documents.  As a preliminary matter, as noted above, the stipulation without prejudice [DE 73] was entered into by the parties on April 1, 2011.  No action by the Court was necessary to make it effective.  As such, it is beyond the one-year time limitation under Rule 60(b)(1).

Nowhere in its brief does Plaintiff squarely address the request to vacate the jointly executed stipulations. Plaintiff makes passing references several times, without any supporting evidence, to an alleged understanding between the parties that the stipulations were conditioned upon the creation of finality and review by the appeals court. However, Plaintiff does not even submit an affidavit in support of its counsel's own understanding, let alone the intent of the parties in entering into the stipulations. Nor does it submit any legal support that such intent is relevant. What is in evidence is the stipulations themselves; neither of these stipulations condition the effect of the dismissals on the Eleventh Circuit accepting the case for review. Further, Plaintiff presents no authority to show the stipulations should be or even could be vacated by this Court; nor does it present even a single case in support of this dramatic remedy. Every case Plaintiff presents under the 60(b)(1) argument section is in support of its argument on jurisdiction and finality. Not a single case addresses the <u>extraordinary</u> and amazingly broad judicial remedy Plaintiff is asking this Court to entertain. (Pl. Br. at 10, fn 4-5). To the extent this is the relief Plaintiff is seeking, a review of the case law might reveal why Plaintiff would prefer to ignore it.

It is well-settled that

[a] dismissal with prejudice has the effect of a final adjudication on the merits favorable to defendant and bars future suits brought by plaintiff upon the same cause of action. Such a dismissal constitutes a final judgment with the preclusive effect of 'res judicata' not only as to all matters litigated and decided by it, but as to all relevant issues which could have been but were not raised and litigated in the suit. A dismissal with prejudice arising out of an agreement of the parties is an adjudication of all matters contemplated in the agreement, and a court order which memorializes this agreement bars further proceedings. . .

<u>Citibank,</u> 904 F.2d 1498 at 1505 (11th Cir. 1990) (internal citations omitted) (quoting <u>Nemaizer</u> <u>v. Baker</u>, 793 F.2d 58, 59-61 (2d Cir. 1986) (quoting <u>Heiser v. Woodruff</u>, 327 U.S. 726, 735

(1946))).  Such "[s]tipulations are not lightly to be set aside." Blohm v. Comm'r, 994 F.2d 1542, 1553 (11th Cir. 1993).

It is axiomatic that "[t]he burden to obtain Rule 60(b) relief is heavier when the parties have consented to a settlement of the matter as opposed to when one party proceeded to trial, lost and did not appeal." Wilson & Assocs., Attys., P.C. v. Parker (In re Parker), 2005 Bankr. LEXIS 1926, *11 (Bankr. N.D. Ga. Aug. 19, 2005) (citations omitted) (refusing to vacate stipulated settlement finding it was nothing more than a case of the movant having regrets about its agreement to dismiss).

In Smith, 2004 U.S. Dist. LEXIS 26261, * 4-5 (S.D. Fla. Nov. 9, 2004), the movant asked the court to vacate the amount stated in the joint pretrial stipulation and enter a different amount.  After deciding the request was more substantial than a mere clerical error as necessitated under Rule 60(a) motion, the court considered whether the claim to void the stipulated agreement was cognizable under Rule 60(b)(1).  Movant's counsel admitted the incorrect amount was an oversight on his part.  The court observed that "attorney negligence or oversight is rarely grounds for relief." Id. (quoting U.S. v. Real Prop. & Residence, 920 F.2d 788, 792 (11th Cir. 1991)) (citations omitted).  "[A]n attorney's failure to evaluate carefully the legal consequence of a chosen course of action provides no basis for [60(b)] relief from a judgment." Id. (quoting  Citibank, 904 F.2d at 1505 (11th Cir. 1990) (quoting with approval Nemaizer v. Baker, 793 F.2d 58, 62 (2d Cir. 1986))).  Based on these facts, the court held that the attorney's oversight was inexcusable and further held that Rule 60(b)(1) relief and the setting aside of the stipulation was not appropriate.

This understanding of the law, i.e., that stipulations are not to overturned lightly, is longstanding.  For example, in DeLong's, Inc. v. Stupp Bros. Bridge & Iron Co., 40 F.R.D. 127

16

(E.D.Mo. 1965), the plaintiff chose to dismiss two defendants from his action in order to gain an earlier trial date.  After an adverse judgment, plaintiff moved to vacate the earlier dismissals under Rule 60.  The court denied the motion, reasoning that *the plaintiff had made a calculated choice* and it was through such choice that he put himself in the position from which he sought relief.  Id. at 130.  In making its decision, the court rejected plaintiff's claim that the "inequity" of allowing defendants a "windfall" was a substantial factor overriding all others.  "The essential fact remains that plaintiff made a calculated choice to dismiss these defendants in order to gain an earlier trial setting. . . . Such free, voluntary and calculated decisions play an important role in the litigation of protracted cases such as this one, and preserving the integrity and validity of such decisions has an obvious judicial value."  Id. at 131.

The instant case does not present the kind of equitable factors that warrant Rule 60(b)(1) relief.  Instead, all that is presented here is a party who made free, voluntary and calculated litigation decisions for strategic reasons that it now regrets.  Moreover, Plaintiff's bare motion fails to even supply the basic fact and law required of a motion and is not due any consideration from this Court.  As such, Plaintiff's motion should be denied.

      b.    *Plaintiff's Motion Under 60(b)(6) Fails To Allege Extraordinary Circumstances and Fails to Allege a Claim that could not be brought under 60(b)(1)*

In considering a Rule 60(b)(6) request, the Supreme Court has "repeatedly instructed that only truly 'extraordinary circumstances' will permit a party successfully to invoke the 'any other reason' clause of § 60(b)."  Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 873 (U.S. 1988).  While 60(b)(6) is a "catch-all" provision, it is not without limits.  As observed by the Eleventh Circuit, the "relief under this clause is an extraordinary remedy which may be invoked only upon a showing of *exceptional circumstances*."  Cavaliere, 996 F.2d at 1115 (11th Cir. 1993) (emphasis added).  It places a heavy burden on plaintiff to make the requisite showing.

See, e.g., Pruco Life Ins. Co. v. Brasner, 2011 U.S. Dist. LEXIS 47778 (S.D. Fla. May 3, 2011) (dismissing motion to vacate default judgment under Rule 60(b)(1) finding no excusable neglect and (b)(6) finding no "exceptional circumstances" to support claim).

The purpose of this limitation is to preserve the finality of judgments.  Liljeberg, 486 U.S. 873 (U.S. 1988).  "The rationale for a more limited reading of Rule 60(b)(6) was succinctly stated by the Second Circuit . . .:  'Very high among the interests in our jurisprudential system is that of finality of judgments.  It has become almost a judicial commonplace to say that litigation must end somewhere, and we reiterate our firm belief that courts should not casually permit the relitigation of litigated issues out of a friendliness to claims of unfortunate failures to put in one's best case.'  Turning to the prevailing doctrine, it should be no surprise that for a movant's case to succeed, the material offered in support of his Rule 60(b)(6) motion must be 'highly convincing.'"  Holland v. Virginia Lee Co., 188 F.R.D. 241, 252 (W.D. Va. 1999) (quoting United States v. Cirami, 563 F.2d 26, 33 (2d Cir. 1977)).

Moreover, the evidence and arguments for one provision are not necessarily transferable to another provision.  It is important to note that the relief sought under Rule 60(b)(6) must be distinct from the relief afforded by the other Rule 60(b) subsections.  It is widely recognized that Rule "60(b)(1) and (b)(6) are mutually exclusive.  Therefore, a court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1)."  Cavaliere, 996 F.2d at 1115 (holding that because movant's "reliance on a mistaken interpretation of law fits more naturally under Rule 60(b)(1), relief under (b)(6) is unavailable").

It appears that Plaintiff's only argument under this section is that this Court's alleged error or "mistake" – which is not identified – should be rectified under this provision.  (Pl. Br. at 11).  However, this assumption is derived only from case citations, as Plaintiff's brief does not

identify what the factual basis for relief is, nor does it reference any other part of its brief to illuminate the reader.  Plaintiff's brief also fails, as it does in the other sections, to identify the actual relief/remedy it is seeking under 60(b)(6).  Plaintiff must identify under each provision of Rule 60 what the basis of its claim is and what relief it is seeking.  Each section has different burdens and elements.  Most importantly, Plaintiff has not identified a claim or request for relief under 60(b)(6) that this Court could not consider under 60(b)(1).  For these reasons, Plaintiff's petition under 60(b)(6) should be denied.

**B.    PLAINTIFF'S REQUEST FOR A RULE 54(B) CERTIFICATION SHOULD BE DENIED**

Plaintiff states in the alternative, without citation to fact or authority, that this Court has the discretion to award, separate from Rule 60 relief, a Fed. R. Civ. P. 54(b) certification with respect to Final Judgment on Plaintiff's fraud claim [DE 75].  (Pl. Br. at 12).

Plaintiff cites no authority for the issuance of a Rule 54(b) certification absent a Rule 60 motion in a case that is already closed.  It provides no reasoning beyond its bare request.  To the extent the Plaintiff claims in its reply brief that it is making a request for a Rule 54(b) certification under either Rule 60(a) or 60(b), such a request is not permissible.  See Mullins v. Nickel Plate Mining Co., 691 F.2d 971, 974 (11th Cir. 1982) (holding retroactive certification pursuant to Rule 60(a) is a substantive request, not clerical error; certification pursuant to Rule 60(b) was not viable as the Order was not final).  As with Mullins, in this case, the request under Rule 60(a) is substantive, not clerical, and therefore beyond the scope of the rule.  See discussion beginning on page 6, *supra*.  Similarly, the request under Rule 60(b) would be futile, as the Eleventh Circuit has already ruled that the April 1, 2011 Order [DE 75] is not final.  (Pl. Br., Exhibit C).

As Plaintiff has failed to properly brief this request and failed to provide any evidence in support of its contentions, and Defendants have demonstrated that such a request is inappropriate and futile, Plaintiff's motion for a Rule 54(b) certification should be denied.

## CONCLUSION

Plaintiff itself chose the litigation strategy to seek appellate review and dismiss claims with prejudice.  By its own admission, Plaintiff's goal was to keep Defendant Haber in the case for financial reasons.  [DE 81, pp 47-48].  Plaintiff believed Defendant Haber was the deep pocket and therefore brought the fraud-in-the-inducement claim solely against him.  Plaintiff's strategy to keep him in the case by appealing the grant of summary judgment to Mr. Haber on that count was not successful.  Plaintiff now seeks the power of this Court to undo the consequences of Plaintiff's chosen path.

As demonstrated above, Plaintiff's motion is at best a conclusory plea.  It fails to specifically identify claims or remedies and is bereft of any authority supporting the Plaintiff's motion.  However, what is clear is that Plaintiff regrets its chosen path.  What is also clear is that Plaintiff fails to present a cognizable claim under Rule 60.  "His choice was a risk, but calculated and deliberate and such as follows a free choice.  [Plaintiff] cannot be relieved of such a choice because hindsight seems to indicate to him that his decision not to [request the certification] was probably wrong, considering the outcome of the case.  There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from."  Ackermann v. United States, 340 U.S. 193, 198 (1950) (finding district court properly denied Rule 60(b) motion).

For these reasons, Defendants respectfully request that the Court deny Plaintiff's motion.

Dated: April 19, 2012

Respectfully submitted,

**KASOWITZ, BENSON,**
**TORRES & FRIEDMAN LLP**

*s/Audrey M. Pumariega*
Scott B. Cosgrove
Florida Bar No. 0161365
scosgrove@kasowitz.com
Audrey M. Pumariega
Florida Bar No. 0085206
apumariega@kasowitz.com
1441 Brickell Avenue, Suite 1420
Miami, Florida 33131
Telephone: (305) 377-1666
Facsimile: (305) 377-1664
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served by CM/ECF on

April 19, 2012, on all counsel or parties of record on the Service List below.

_s/Audrey M. Pumariega_____
Audrey M. Pumariega

## SERVICE LIST

Robert Alan Ader, Esq.
aderlaw@aol.com
Elizabeth Brady Hitt, Esq.
bethhitt@aol.com
LAW OFFICES OF ROBERT ADER, PA
Miami Tower, Suite 3550
100 S.E. 2nd Street
Miami, Florida 33131
Telephone: (305) 371-6060
Facsimile: (305) 358-5917
_Attorneys for Plaintiff_