UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80038-CIV-MARRA

PAUL GAUGUIN CRUISES, INC.,
a/k/a PGC, Inc., a Delaware Corporation,

    Plaintiff,

vs.

eCONTACT, INC., a Florida Corporation,
and STEVE HABER,

    Defendants.
_____/

## PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS
## RULE 60(a) & 60(b) MOTION
## FOR RELIEF FROM FINAL JUDGMENT & ASSOCIATED ORDERS

    While mischaracterizing our Motion as something brought merely because the Plaintiff is "unhappy" with "its" litigation strategy, the Defendants carefully avoid denying the crux of our actual argument – that the parties *mutually* intended to achieve finality to allow immediate appellate review of this Court's dismissal of our fraud claim, and thus they *mutually* made a mistake when it turned out the Eleventh Circuit would not allow such an approach.

    Instead of denying this reality – doing so would be an outright lie – the Defendants instead play word games and hide behind the supposed "burden of proof," suggesting that we have not fulfilled our burden of proving that the Defendants also made the same mistake we did. It is, of course, virtually impossible for us to prove what our opponents knew, especially now that – in a remarkable act of treachery and betrayal – the Defendants' new counsel have refused to admit that the mutual goal was indeed to try to achieve finality for an immediate appeal. But to be perfectly clear: we would welcome the opportunity to have the defense counsel (current and predecessor counsel as well) stand before this Honorable Court and swear under oath, or as

officers of the Court, that the mutual purpose of the parties' stipulation of voluntary dismissal was not to achieve expeditious appellate review over the fraud claim.  We are confident they will not so swear, because doing so would be perjury.

The bottom line is this: There was a mutual mistake here, it resulted in the utterly unjust result that the Plaintiff may have to forfeit his right to appellate review – when everybody was operating specifically *so that* appellate review could be pursued -- and the injustice can be remedied only by granting the relief sought by our Motion, either under Rule 60(b) or alternatively, Rule 54(b).  Fundamental fairness dictates that hyper-technical form not be elevated over substance; and that this Plaintiff's right to appeal not be sacrificed at the altar of our opponent's gamesmanship and duplicity.  Granting the relief we have requested would do nothing more than to return the case to the procedural posture it was in at the moment before the parties made their mutual mistake; refusing to grant relief, on the other hand, would only serve to reward the Defendants for their treacherous about-face.[1]

**A. Rule 60 Relief is Warranted**

1. Rule 60(a)

Defendants posit that Plaintiff has not identified any mistake or oversight such to employ Rule 60(a) relief.  Not true.  Plaintiff clearly stated that the Court's Order entering Final

---

[1] The Defendants falsely assert that Plaintiff only brought its fraud claim as a "backup" should eContact prove judgment-proof.  The only shred of truth in this statement is that defense counsel once advised the undersigned that eContact would never pay off on a judgment against it; but this was stated *after* Steve Haber admitted in deposition that he never had any intent of returning any monies advanced, despite having assured PGC *prior to entering into the contract*, return of its commissions advanced should the contract be terminated.  We were not merely suing Haber as a "backup", but because he intentionally and fraudulently induced PGC into advancing $200,000 in commissions, while never intending to give back any unearned commissions.  Plaintiff continues to believe that it has a viable fraud claim, and only asks now for the relief that was contemplated *by both parties* in agreeing to dismiss PGC's breach of contract claim in exchange for expeditious review **of the merits** of Plaintiff's fraud claim.

Judgment in favor of Haber on PGC's fraud claim [DE 75], mistakenly closed the case without adjudicating, with requisite finality, Plaintiff's unjust enrichment claim (see p. 8 of the instant Motion). This was an obvious oversight, an error on both parties' part when they drafted and submitted the proposed Order; the parties simply did not take into consideration the fact that Count III of the Plaintiff's complaint had not been formally or finally resolved.[2] In directing the clerk to "close the case", this Court apparently believed, *as did the parties*, that all claims had been adjudicated with finality. *Everyone* was mistaken in that regard.

It is true that Plaintiff (and Defendants, for that matter) did not request the Court to enter judgment on its unjust enrichment claim. That does not mean, however, that Plaintiff is precluded from seeking Rule 60(a) relief. The error to be corrected is simple: a final judgment which disposes of a claim that all had agreed was abandoned.[3]

Finally, we are not looking for some kind of unfair advantage by our request for relief under Rule 60(a). The requested relief sought would not accord Plaintiff, or the Defendants, anything substantively more than they would have had if the judgment had been appropriately drafted in the first place; rather, the requested relief merely affects the procedural posture of the case so as to put the parties back as they were before the mistake was made.

2. Rule 60(b)(1)

Defendants argue that the instant Motion is untimely under Fed.R.Civ.P. 60(b)(1). Contrary to the Defendants' spin, Plaintiff is not herein requesting relief from the Court's Order

---

[2] The intentions of the parties were clear. As the Court noted in its order on summary judgment, Plaintiff had relayed that it was no longer pursuing its claim for unjust enrichment and, as such, the Court would not address such (see DE 44:6, n.2). It is now apparent, in retrospect, that everyone understood that this claim was being dismissed, and that the parties simply failed to seek an order finally disposing of the count.

[3] It is not a "conclusory assumption" that error was made. The case was closed despite there being no final judgment as to the unjust enrichment count—these are the facts, not mere conjecture.

on summary judgment [DE 44] or the Court's Order denying reconsideration of same. [DE 68]. Plaintiff is requesting relief from the Court's Orders dismissing Plaintiff's breach of contract claim against eContact [DE 74] and its entry of final judgment in favor of Defendant Steve Haber on Plaintiff's fraud claim [DE 75]. Both of these Orders were signed on April 1, 2011, and entered on the docket by the Clerk on April 4, 2011. Plaintiff filed the instant Motion [DE 90] on April 2, 2012 – i.e., within 1 year of entry. The instant Motion is therefore timely.

Contrary to the Defendant's assertion, there is nothing vague or ambiguous about our asserted basis for relief under Rule 60(b), which is specifically designed to provide relief from mistake, inadvertence, or excusable neglect.[4] We contend that "mistake, inadvertence, and excusable neglect" are certainly present where *both* Plaintiff and Defendants were of the reasonable (but ultimately erroneous, according to the Eleventh Circuit) belief that Plaintiff need only dismiss its ancillary claims (with or without prejudice) in order to gain immediate appellate review of the Court's Final Judgment as to the fraud count. As our Motion explained, the Rules of Procedure provide neither guidance nor explanation that the dismissal without prejudice will not create the finality requisite for appeal; and, with due respect to the Eleventh Circuit, cases from that very Court indicate that in order to gain expeditious appellate review, all a party need do is to dismiss ancillary claims with prejudice. See, e.g., State Treasurer v. Barry, 168 F.3d 8, 12 (11th Cir. 1999) ("All that [a party] must do to appeal the partial summary judgment is have its remaining claims dismissed *with prejudice*) (emphasis added). Again, with the apparent

---

[4] Trying to stir this Court's annoyance with Plaintiff, the Defendants claim we are pointing an accusatory finger at this Court. That is simply not so. We absolutely have not – and do not -- accuse the Court of acting inappropriately with regard to the Orders from which Plaintiff now seeks relief. To the contrary, Plaintiff has always maintained that the parties—not this Court— were responsible for drafting and submitting the relevant orders to accomplish their *mutual* purpose of gaining immediate appellate review of the dismissal of Plaintiff's fraud claim. We do not fault the Court for failing to catch the mutual mistake of the parties.

contradiction in Eleventh Circuit law (and no guidance found in the rulebooks), it is to no wonder practitioners are confused, and any "neglect" on Plaintiff's part is therefore excusable.[5] And to the extent there was any "ignorance" of the law (as the Defendants assert), it was, at worst, ignorance by both parties – i.e., a mutual mistake.[6]  That is precisely what Rule 60(b) is designed to remedy.

### B. This Court Has Broad Authority to Relieve a Party From Its Stipulation To Avoid A Manifest Injustice

Defendants appear to question this Court's authority, under Rule 60 or otherwise, to vacate the parties' stipulations dismissing Plaintiff's breach of contract and unjust enrichment claims.  There should be no question.

---

[5]   Defendants argue that "an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect" under rule 60(b)(1). (Response at p 12, citing Advanced Estimating System, Inc. v. Riney, 130 F.3d 996, 998 (11th Cir. 1997)).  But we did not misunderstand "the plain language of a rule"; rather, there was/is no rule (much less one with plain language) with which to guide Plaintiff, and no clear case law regarding the dismissal of ancillary claims with prejudice.  Contrary to what Defendants proffer, a mistake of law can certainly amount to excusable neglect for purposes of Rule 60(b).  And even the very case which the Defendant cites says just that. See E-Z Load Gate, Inc. v. Am. Moto Products, Inc., 74 Fed. R. Serv. 3d 1172, *3, n.3 (M.D. Fla. 2009) ("The *Pioneer* court recognized that mistakes in areas of law involving "dramatic ambiguity" may amount to excusable neglect under Rule 60(b)(1)") (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993).  Surely where a body of law, such as the one involved here, lacks governing rule, and is so fraught with misconception, there remains "dramatic ambiguity" in this area such to amount to excusable neglect in understanding.

[6] The only other possibility is that the Defendants somehow understood this arcane, internally-contradictory area of appellate law from the outset, in which case they were engaged in fraudulently duping us into voluntarily dismissing our remaining claim, knowing that we would be getting back nothing in return.  We cannot imagine the Defendants were plotting this result from the very outset -- despite their dramatic about-face once the jurisdictional issue was raised, and the treacherous behavior now in trying to back away from the parties' mutual intention to achieve finality permitting immediate appellate review.  We give our opponents and fellow Members of the Bar more credit than that.  What is clearly happening here is that the Defendants received an unexpected "gift" in the form of the Eleventh Circuit's assertion of no appellate jurisdiction -- and now the Defendants' sin is that they are not being honorable enough to admit that the gift which has fallen into their lap is totally undeserved.

The Eleventh Circuit recognizes a district court's broad discretion in determining whether to hold parties to their prior stipulations, where to do so would result in a "manifest injustice". Morrison v. Genuine Parts Co., 828 F.2d 708, 709-10 (11th Cir. 1987); see also, Haynes v. Gasoline Marketers, Inc., 84 F. Supp. 2d 1261, 1271-72 (M.D. Ala. 1999) ("While stipulations are not to be set aside lightly, courts have broad discretion in determining whether to hold a party to a stipulation"). Courts regularly employ a standard of "manifest injustice" to resolve motions for relief from judgment or final order. Valpak Direct Mktg. Sys., Inc. v. Hyde, No. 06-347, 2006 WL 1982877 (M.D. Fla. July 13, 2006); Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds Inc., 12 F.Supp.2d 1306, 1308 (M.D.Fla.1998) (setting forth standard for justification of reconsideration of order, which includes correction of manifest injustice); Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc., 169 F.R.D. 680, 686 (M.D.Fla.1996) (stating that motion to alter or amend may be based upon, among other things, prevention of manifest injustice). Thus, the relief we have sought here – setting aside the parties' stipulation under Rule 60 – is fully warranted where failing to do so would create manifest injustice. See Morrison, 828 F.2d at 709-10; Sam Galloway Ford, Inc. v. Universal Underwriters Ins. Co., 793 F. Supp. 1079, 1082 (M.D. Fla. 1992); Smith v. Blackburn, 785 F.2d 545 (5th Cir.1986); Cates v. Morgan Portable Building Corp., 780 F.2d 683, 690 (7th Cir.1985); United States v. Montgomery, 620 F.2d 753, 757 (10th Cir.1980), cert. denied, 449 U.S. 882, 101 S.Ct. 232, 66 L.Ed.2d 106 (1980).

Contrary to the Defendants' suggestion that stipulations are somehow inviolate, courts are actually *encouraged* to set aside stipulations which are based on erroneous presumptions:

> Courts should generally encourage stipulations since doing so promotes judicial economy by avoiding litigation of agreed upon facts. One way for courts to encourage parties to stipulate is for courts to readily set aside stipulations when parties discover that the stipulations are erroneous. This willingness on the part of courts to set aside stipulations encourages parties to stipulate since the parties feel more confident that courts will set aside the

6

> stipulations if there is a reasonable basis to do so. Such a reasonable basis arises when a party discovers that the stipulations are erroneous, or when the parties find new evidence that tends to contradict the stipulated facts. This Court recognizes the importance of being willing to set aside stipulations in order to encourage parties to stipulate.

Sam Galloway Ford, Inc. 793 F. Supp. at 1082.

Here, the parties mutually believed and intended that their stipulations would provide ample basis for appellate jurisdiction – but that belief turned out to be incorrect, according to the Eleventh Circuit. Accordingly, the stipulation should be set aside. G.I.C. Corp., Inc. v. United States, 121 F.3d 1447, 1450 (11th Cir. 1997) (district court has discretion to grant relief from stipulations based on erroneous understanding of law); Haynes v. Gasoline Marketers, Inc., 84 F. Supp. 2d 1261, 1272 (M.D. Ala. 1999) ("parties cannot be bound to an incorrect stipulation as to controlling law").

It should be self-evident that "justice requires that erroneous stipulations be set aside so that cases may be decided on the merits." Sam Galloway, 793 F. Supp. at 1082. And a party should not be punished where the erroneous stipulation may determine the outcome of the case. Id. at 1082-83 (holding that, "it would be manifestly unjust to hold the plaintiff to its erroneous stipulations, and that setting aside the erroneous stipulations [ ] would not be unfairly prejudicial to [defendant].").[7]  Stipulations are simply not sacrosanct, and are voidable where based on erroneous understanding of law, or when justice so requires. Such is surely the case here.[8]

---

[7]  Surely Defendants cannot, in good faith, claim *unfair* prejudice where, again, Plaintiff is only requesting relief consistent with the spirit and intent of the parties' agreement. Plaintiff was and is only seeking meritorious review of the Court's order dismissing the claim; review **on the merits** is exactly what both parties had contemplated in seeking expeditious appeal.

[8]  Defendants' disingenuousness is best exemplified by their claim that the parties' intent in entering into the stipulations for dismissal of Plaintiff's ancillary claims "is not only irrelevant, it is unsubstantiated." (Response at p. 8). Defendants know full-well that their shared intent to gain expeditious, substantive appellate review was the very reason for the dismissal of Plaintiff's *quite viable* breach of contract claim, and Defendants know very well the discussion that the

### C. Alternatively, Rule 54(b) Certification Is Warranted

As an alternative remedy, Plaintiff has requested Rule 54(b) certification based upon the same facts as delineated above (and in its Motion). Unless this case is re-opened under Rule 60, it appears the Eleventh Circuit believes that the only way to obtain appellate jurisdiction to entertain review of the dismissal of Plaintiff's fraud claim would be via a Rule 54(b) certification. Therefore, in order to accomplish the parties' original intent, Plaintiff now requests certification. Once again, Defendants should not take issue with this request, as it is surely in keeping with their intent as expressed to this Court on April 1, 2011. In the end, "[t]he decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." Blankenship v. SmithKline Beecham Corp., 02-80884-CIV, 2004 WL 3554969 (S.D. Fla. Aug. 16, 2004) (quoting Lawson v. Singletary, 85 F.3d 502, 507 (11th Cir. 1996). Surely if this Court possesses the authority to alter or amend a judgment, it can take the far less significant step of issuing a Rule 54 certification. Under the circumstances here, there is certainly no "just reason for delay" in allowing us to pursue our appellate rights, see Fed. R. Civ. P. 54(b), and fundamental fairness supports such a certification. Indeed, certifying here would support the express, overarching purpose of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 1 ("These rules . . . should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

### **CONCLUSION**

The Defendants urge this Court to deny the relief we have sought, arguing that we should

---

parties' counsel had with this Court in the April 1, 2011 hearing. In that telephonic hearing, the parties made it plainly clear to the Court that they intended the stipulation, combined with the requested order of final judgment on the fraud claim, to provide them immediate appellate review of the Court's order dismissing the fraud count.

have to live with our "calculated decisions" to voluntarily dismiss our remaining claims. But the Defendants ask this Court overlook – indeed to countenance -- the egregious actions they have taken in breaching the parties' agreement – i.e., the very agreement by which we agreed to voluntarily dismiss those claims. The Defendants actively pursued dismissal of an appeal that they, themselves, previously fostered; and now they have argued that the intent of the parties' in reaching their stipulation is "irrelevant" to the issue now before this Court. Nonsense. All we are seeking to do now is to accomplish that which was *mutually* intended from the outset: We wish to pursue our right to appellate review, so the merits of our fraud claim can be adjudicated. Whether we win or lose on the merits, we can live with that result; but to have the right to even receive such an adjudication snatched away from us because of mutual mistake, followed by treacherous gamesmanship from the Defendants, would be a manifest injustice. This Court need not countenance that, and it should not.

WHEREFORE, based on the foregoing, Plaintiffs respectfully request that this Honorable Court grant PGC the relief as requested in our Motion.

Respectfully submitted,

LAW OFFICES OF ROBERT ADER, PA
Miami Tower, Suite 3550
100 S.E. 2nd Street
Miami, Florida 33131
Telephone: (305) 371-6060


By: s/ Robert Ader
    ROBERT ADER
    Florida Bar No. 335126
    ELIZABETH B. HITT
    Florida Bar No. 176850

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 30, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF of some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

                                                                                              s/ Robert Ader_____

## SERVICE LIST

Via CM/ECF:

Scott B. Cosgrove
Florida Bar No. 161365
scosgrove@kasowitz.com
Audrey M. Pumariega
Florida Bar No. 987166
apumariega@kasowitz.com
Kasowitz, Benson, Torres & Friedman LLP
1441 Brickell Avenue,
Suite 1420
Miami, Florida 33131
Telephone: 305.377.1666
Facsimile: 305.377-1664

*Counsel for Defendants*